UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAMON GRAHAM; DWAYNE HANDY; NICHOLAS SIGNORE; and HAKEEM MAUZON,

                Petitioners,
   v.

S. LOVETT,

               Respondent.

9:21-CV-0255 (MAD)

---

APPEARANCES:

DAMON GRAHAM
13787-014
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

DWAYNE HANDY
21424-052
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

NICHOLAS SIGNORE
24000-052
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

HAKEEM MAUZON
26348-052
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 900
Ray Brook, NY 12977

OF COUNSEL:

| | |
|---|---|
| HON. CARLA B. FREEDMAN<br>United States Attorney for the<br>Northern District of New York<br>100 South Clinton Street<br>P.O. Box 7198<br>Syracuse, New York 13261 | EMER M. STACK, ESQ.<br>Ass't United States Attorney |

MAE A. D'AGOSTINO
United States District Judge

**DECISION and ORDER**

**I.  INTRODUCTION**

Petitioners Damon Graham, Dwayne Handy, Nicholas Signore, and Hakeem Mauzon seek federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  Dkt. No. 1, Petition ("Pet."), at 1-42.  Petitioners also filed several declarations and exhibits in support of their petition. Dkt. No. 1 at 43-117.

On March 17, 2021, this Court approved the multi-party case and directed a response. Dkt. No. 4, Decision and Order.  Respondent filed both an opposition, Dkt. No. 8, Response; Dkt. No. 9, Medical Records, and a subsequent status report, Dkt. No. 11, Status Report, contending that the entire petition had been rendered moot.[1]

**II.  PETITION**

In sum, petitioners argue that they are entitled to habeas corpus relief because their Eighth Amendment rights were violated.  Pet. at 1-2.  Specifically, petitioners contend that the warden failed to (1) "implement adequate safe[guards] to prevent the spread of COVID-19 at

---

[1] Respondents also argued that (1) the Court lacked the authority to release the petitioners; (2) the petitioners failed to exhaust their administrative remedies; (3) the petitioners failed to show that the BOP's action plan during the COVID pandemic demonstrated deliberate indifference to their health or safety; and (4) petitioners' requests for injunctive relief and a special master should be denied.  Dkt. No. 8 at 22-44.  For the reasons that follow, the Court has determined that the petition is moot and it does not have jurisdiction over the claims within the petition; therefore,  the other arguments advanced by respondent will not be further discussed.

2

FCI Ray Brook" and (2) utilize his power to transfer all eligible inmates with underlying medical conditions to home confinement.  Pet. at 1-2.

Petitioners further assert that the Court should use its "enlargement powers" to provide a provisional remedy.  Pet. at 38.  Specifically, petitioners contend that the Court should "immediate[ly] release . . . petitioners . . .  to serve their sentences on home confinement during the pendency of this action[.]"  *Id.* at 39.  Additionally, petitioners sought the appointment of a special master to provide recommendations regarding the number of individuals who can remain incarcerated at Ray Brook so that the facility is complying with COVID-19 guidelines from the Centers for Disease Control ("CDC").  *Id.* at 40.  Finally, petitioners requested an injunction requiring respondent to (1) ensure social distancing within the correctional facility; (2) provide inmates with cleaning supplies of hand soap, paper towels, and disinfecting spray for high touch areas; and (3) provide individual inmates with hand sanitizer.  *Id.*

### III.  DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2241 is the proper vehicle to challenge the execution of a sentence.  *Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  "The Second Circuit has specified that conditions of confinement claims by federal prisoners relate to the execution of their sentences."  *Harrison v. Wolcott*, No. 6:20-CV-6270, 2020 WL 3000389, at *2 (W.D.N.Y. June 4, 2020) (citing *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (explaining that the Second Circuit has "long interpreted § 2241 as applying to challenges to the execution of a federal sentence including such matters as . . . prison

conditions.")); *see also Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.) (concluding that § 2241 challenges to the execution of a federal sentence include prison conditions).

Here, petitioners are federal inmates who were confined at Ray Brook at the time the petition was filed and were seeking to challenge the BOP's health policies and procedures regarding COVID-19. These policies and procedures were directly related to their conditions of confinement; therefore, their claims dealt with the execution of their federal sentences. Accordingly, petitioners properly brought their claims pursuant to § 2241.

"Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'" *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Accordingly, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed." *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007). "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

Here, none of the petitioners remain incarcerated at Ray Brook. *See* Dkt. No. 11-1, Declaration of Cheryl Magnusson ("Magnusson Decl."). Specifically, the first petitioner, Graham, "is currently finishing his federal sentence on a home confinement placement in New Haven, Connecticut." Magnusson Decl. ¶ 4; *accord* Dk. No. 11-2 at 2 (indicating Graham's home confinement began October 7, 2021, and presently continues).

The second petitioner, Dwayne Handy, initially left Ray Brook for Metropolitan Correctional Center in New York, New York on April 21, 2021. Dkt. No. 8-1 at 1-14,

Declaration of Susan Kieffer ("Kieffer Decl."), ¶ 30; Dkt. No. 8-1 at 24. Handy was subsequently "transferred to the Metropolitan Detention Center in Brooklyn, New York . . . on September 30, 2021," where he is currently housed. Magnusson Decl. ¶ 7; *accord* Dkt. No. 11-2 at 12.

The third petitioner, Nicholas Signore, "served his federal sentence and was released from BOP custody on June 8, 2021." Magnusson Decl. ¶ 5; Dkt. No. 11-2 at 7.

Finally, the last petitioner, Hakeen Mauzon, "was transferred to the United States Penitentiary in Lewisburg, Pennsylvania . . . on February 11, 2022." Magnusson Decl. ¶ 6; Dkt. No. 11-2 at 10. Mauzon is designated "as a 'holdover' inmate awaiting transfer to another facility . . . [his] final destination is the Federal Correctional Institution McKean in Pennsylvania." Magnusson Decl. ¶ 6 n.1.

Accordingly, because all of the petitioners have either been transferred from Ray Brook – and its allegedly unconstitutional conditions of confinement – to another facility or home confinement or released from custody altogether, the claims in the petition have been rendered moot. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (holding that where petitioner "has since been transferred from the Connecticut facility to the United States Penitentiary at Lewisburg . . . [his] claims [as to his conditions of confinement while incarcerated] are . . . moot."); *Khalil v. Laird*, 353 F. App'x 620, 621 (2d Cir. 2009) (holding that when an inmate is "released from prison, he no longer has a continuing personal stake in the outcome of th[e] action, and his claims [a]re rendered moot.") (quotation marks and citations omitted); *see also Gilhooly v. Quiros*, No. 3:21-CV-0140, 2022 WL 252410, at *12 (D. Conn. Jan. 27, 2022) (holding that "[a]n inmate's requests for prospective injunctive relief from correctional or medical staff in connection with conditions of confinement at a particular

correctional institution[, including claims relating to COVID housing policies and procedures,] become moot when the inmate is discharged from prison, is transferred to a different institution, or has received the relief requested.") (citations omitted).  Therefore, since none of the petitioners can receive the relief requested, the Court lacks subject matter jurisdiction over the instant action, and the petition must be dismissed.

IV.     **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: April 12, 2022
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge